IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ATHLETES FOR CHRIST, L.P., d/b/a SHIELDS OF STRENGTH, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:15-cv-268-RC |
| v. | § § | (LEAD CASE) |
| IRON WARRIOR JEWELRY LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | BRC |

## AGREED FINAL JUDGMENT

The matter before the Court is the Joint Motion for Agreed Final Judgment, by which Plaintiff and Counterclaim-Defendant Athletes for Christ, L.P. d/b/a Shields of Strength ("Shields of Strength" or "Plaintiff") and Defendant and Counterclaim-Plaintiff Iron Warrior Jewelry LLC ("Iron Warrior" or "Defendant") (collectively "the Parties") have agreed to the following terms for resolving this litigation:

1. The Court has jurisdiction over the subject matter of this action pursuant to the provisions of 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271; 15 U.S.C. §§ 114, 1121, and 1125; 17 U.S.C. § 501; and 28 U.S.C. §§ 1331(a), 1338, and 1367.

2. This is an action for: Defendant's infringement of Plaintiff's U.S. Trademark Registration No. 4,611,243 ("Registered Mark") in violation of 15 U.S.C. § 1114(1); Defendant's federal unfair competition in violation of 15 U.S.C. § 1125(a); Defendant's trademark infringement in violation of Texas common law; Defendant's unfair competition in violation of Texas common law; Defendant's infringement of Plaintiff's U.S. Copyright No. VA001838101 ("Work") in violation of 17 U.S.C. § 501; and Defendant's infringement of Plaintiff's U.S. Design Patent No. D710,241 ("the '241 Patent") in violation of 35 U.S.C. § 271.

3. Accordingly, Plaintiff sought, among other relief, a permanent injunction to prevent Defendant from: using Plaintiff's Registered Mark; using Plaintiff's common law trademark and trade dress (collectively with Registered Mark "SOS Marks"); otherwise competing unfairly with Plaintiff; reproducing, advertising, promoting,

marketing, distributing, giving away, publicly displaying, or selling any copies of Plaintiff's Work; reproducing, distributing copies of or preparing derivative works based on Plaintiff's Work; and continuing to make, use, sell, and/or offer to sell any products that infringe the '241 patent; actual damages and/or profits for Defendant's trademark infringement and unfair competition; actual damages and/or statutory damages for Defendants' copyright infringement; damages in the form of profits from Defendant's sale of products that infringe Plaintiff's patent; enhanced damages for Defendants' willful infringement; reasonable attorneys fees and costs incurred in prosecuting this action; and prejudgment and post-judgment interest.

4. Defendant offers, markets, and sells, "Motivational Jewelry," which constitutes: infringement of Plaintiff's Registered Mark in violation of 15 U.S.C. § 1114(1); federal unfair competition in violation of 15 U.S.C. § 1125(a); trademark infringement in violation of Texas common law; unfair competition in violation of Texas common law; infringement of Plaintiff's Work in violation of 17 U.S.C. § 501; and infringement of the '241 Patent in violation of 35 U.S.C. § 271 for which Defendant does not hold a license.

5. Judgment shall enter in favor of Plaintiff and against Defendant on Counts I, II, III, IV, V, and VI of the Complaint in accordance with the following agreed terms and conditions:

    a. <u>Injunctive relief</u>.

        i. Defendant and its successors and assigns, including but not limited to, any person, corporation, partnership, trust, or other entity that, directly or indirectly, legally or beneficially, owns, is owned by, or is under common ownership with Defendant, including its members Matthew Michael Simpson and Alison Ann Simpson (collectively, "<u>Defendant and its Affiliates</u>") shall cease to offer the "Motivational Jewelry" no later than December 4, 2015.
        ii. Defendant and its Affiliates shall deactivate all its social media channels and the Iron Warrior website (www.ironwarriorjewelry.com) no later than December 4, 2015.
        iii. Defendant and its Affiliates shall be permanently enjoined from using the SOS Marks in the United States. This injunction shall extend to all products, packaging, or advertisements on or to which the SOS Marks may appear, be configured, or be affixed.
        iv. Defendant and its Affiliates shall be permanently enjoined from producing, distributing, publicly displaying, offering for sale, or selling Motivational Jewelry within the United States that is substantially similar to or copied from Plaintiff's Work. This injunction shall extend to all products, packaging, or advertisements on or to which the Work may appear, be configured, or be affixed.

    v. Defendant and its Affiliates shall be enjoined from using, selling or offering for sale Motivational Jewelry in the form of dumbbell pendants before the earlier of (a) the expiration of the '241 Patent; or (b) the full and final determination that the '241 Patent is invalid by a court of law or the U.S. Patent and Trademark Office. A determination will not be considered full and final for these purposes unless all available appeals have been exhausted or the deadlines for such appeals or further appeals have all passed.

    vi. Defendant and its Affiliates shall deliver to Plaintiff no later than December 11, 2015 (a) all Accused Products and artwork, designs, and/or product specifications in its possession, and (b) the identity of its (i) manufacturers, vendors, and/or suppliers and (ii) customers including wholesalers.

    vii. With respect to the foregoing, the terms "own", "owned" and "ownership" shall mean having the right to vote at least fifty percent (50%) of the voting securities of the other entity, or in the case of a non-corporate entity, equivalent interests of such entity, by contract or otherwise.

    viii. Defendant and its Affiliates shall take no action to contest, directly or indirectly, or render assistance to any other person or entity in contesting, directly or indirectly, the validity, applicability, and/or enforceability of any aspect of the SOS Marks, the Work, or the '241 Patent.

    ix. This Agreed Judgment shall be binding upon Defendant and its Affiliates, their successors, assigns, representatives, heirs, agents, employees, and all persons or entities acting by, through, under or in concert with any of them.

    x. Defendant and its Affiliates shall make continued compliance with this Agreed Final Judgment a term of any sale or transfer of their respective businesses or Motivational Jewelry.

b. <u>Other relief</u>.

    i. Plaintiff and Defendant shall each bear their own costs and expenses with respect to this action.

    ii. Defendant and its Affiliates hereby and forever release and discharge the Plaintiff (including, where appropriate, the Plaintiff's respective predecessors, successors, parents, subsidiaries, affiliates, assigns, legal representatives, agents, employees, servants, attorneys, officers, and directors) from any and all causes of action, suits, appeals, damages (including, but not limited to, compensatory damages, tort damages, contract damages and punitive damages), arbitration or other claims, demands, actions, warranties (whether express or implied), indemnification or subrogation demands, covenants, debts, dues, duties, rights, costs, fees, and any and all other liabilities and

      obligations of any nature whatsoever, whether at law or in equity, tort or contract, statutory or otherwise, that relate to the Accused Products or the claims and allegations raised in this action.

   iii.  This Agreed Judgment shall be enforceable through a motion for contempt before this Court or an action for breach in the United States District Court.

   iv.  Defendant agrees to personal jurisdiction in Texas for purposes of an action for breach of this Agreed Judgment.

   v.  In connection with any motion for contempt or action for breach of this Agreed Judgment the prevailing party shall, in addition to any and all other relief granted it, be entitled to an award of its actual attorneys' fees and costs.

6. Iron Warrior's counterclaim is DISMISSED with prejudice.

The Court finds that the motion should be GRANTED. It is therefore ORDERED that:

1. The Court shall retain jurisdiction to enforce the terms and conditions of this Final Judgment as may be necessary or appropriate for the construction or to carry out the terms of this Final Judgment.

2. Subject to the terms set forth herein and the Court's ongoing jurisdiction to enforce the terms and conditions, this case is otherwise dismissed.

3. The parties shall bear their own costs and attorneys' fees.

So **ORDERED** and **SIGNED** this **9** day of **December, 2015.**

_____
Ron Clark, United States District Judge